UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 25-00336-DSF (KS)                                                  Date: March 6, 2025

Title   _Shazer Fernando Limas v. Warden_

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**INTRODUCTION**

On February 20, 2025, Petitioner, a California inmate proceeding _pro se_, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1.) The Petition identified a December 12, 2022 conviction of murder in the Orange County Superior Court. (_Id._ at 2.) However, the Petition did not name a respondent, raised no grounds for relief, and articulated no supporting facts. (_Id._ at 1, 5-6.)

On February 26, 2025, the Court issued an Order to Show Cause re: Dismissal ("OSC"). (Dkt. No. 5.) The OSC informed Petitioner that, in the absence of a named respondent or any claims for relief, the Petition violated Rule 2(a) and (c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), and without that crucial information it plainly appeared from the face of the Petition that Petitioner was not entitled to relief. _See_ Habeas Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). However, in lieu of recommending immediate dismissal, the Court allowed Petitioner the opportunity to file an amended habeas petition that was not defective. (Dkt. No. 5 at 2.)

Specifically, to discharge the OSC and show cause why the Petition should not be dismissed, Petitioner was ordered to file a First Amended Petition that named a proper respondent and articulated claims for relief with supporting facts, as instructed on the Central District's form habeas petition. (_Id._) The Court admonished Petitioner in bold letters that his failure to comply with the OSC would result in the Court recommending dismissal. (_Id._)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 25-00336-DSF (KS)                                    Date: March 6, 2025

Title   *Shazer Fernando Limas v. Warden*

On March 3, 2025, Petitioner timely filed a First Amended Petition ("FAP"). (Dkt. No. 6.) The FAP names the Superior Court of Orange County as Respondent and again contains no claims for relief. (*Id.* at 1, 5-6.)

**LEGAL STANDARD**

As stated above, Habeas Rule 4 requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

Habeas Rule 2(a) requires a habeas petitioner to "name as respondent the state officer who has custody" of Petitioner pursuant to a state-court judgment. Furthermore, Habeas Rule 2(c) requires a habeas petition to "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." *See Jones v. California*, No. 10-cv-2117-WQH (WMc), 2010 WL 4868067, at *1 (S.D. Cal. Nov. 23, 2010) (a federal habeas petition brought under 28 U.S.C. § 2254 that contained "no claims or factual allegations whatsoever" was subject to dismissal for violating Habeas Rule 2(c)).

**ANALYSIS/ORDER TO SHOW CAUSE**

Here, Petitioner has again failed to name a proper respondent or state any claims for relief. (Dkt. No. 6 at 1, 5-6.) Petitioner is currently housed at Calipatria State Prison, not the Superior Court of Orange County (dkt. no. 6 at 2), therefore, "the state officer who has custody" of Petitioner – and therefore the proper respondent here – is the Warden of Calipatria State Prison, Roberto A. Arias. Habeas Rule 2(a). Additionally, the pending Petition violates Habeas Rule 2(c), as it contains no claims for relief whatsoever or facts in support of any claims for relief. It again plainly appears from the face of the FAP that the FAP does not entitle Petitioner to habeas relief. *Jones*, 2010 WL 4868067 at *1; Habeas Rule 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   SACV 25-00336-DSF (KS) | Date: March 6, 2025 |
| Title   *Shazer Fernando Limas v. Warden* | |

However, because it appears Petitioner may simply misunderstand **that he must complete Section 8 of the Court-approved habeas form** by "specify[ing] all grounds for relief available to the petitioner" and "stat[ing] the facts supporting each ground" in that section, *Jones*, 2010 WL 4868067 at *1, in the interests of justice the Court will allow Petitioner a **final** opportunity to file a second amended habeas petition that is not defective. *Boyd*, 147 F.3d at 1128.

**Based on the foregoing, Petitioner is again ORDERED TO SHOW CAUSE, no later than April 7, 2025, why the FAP should not be dismissed.** To discharge this Order and proceed with this action, Petitioner shall file, no later than the April 7, 2025 deadline, a Second Amended Petition that names a proper respondent and articulates claims for relief with supporting facts, as instructed on the Central District's form habeas petition, which Petitioner has been using. *See* Habeas Rule 2(d) ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.").

The Clerk is directed to send Petitioner another copy of the Central District's form habeas petition for his convenience. *Id.*

**Petitioner is expressly warned that his failure to timely comply with this Order and file a Second Amended Petition that shows cause for proceeding with this action WILL result in the Court recommending dismissal with prejudice pursuant to Habeas Rules 2 and 4, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |